JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-03297-RGK (PJWx) | Date | June 29, 2015 |
|---|---|---|---|
| Title | *SHAWN LAFOUNTAIN v. MERIDIAN SENIOR LIVING, LLC* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order re Motion to Remand (DE 10) and Motion to Strike (DE 7)

**I.    FACTUAL BACKGROUND**

On March 16, 2015, Shawn Lafountain ("Plaintiff"), a former hourly-paid, non-exempt employee of Meridian Senior Living, LLC ("Defendant"), filed a Complaint in Santa Barbara Superior Court bringing a putative class action on behalf of all of Defendant's current and former hourly-paid or non-exempt employees. Plaintiff alleges eleven causes of action against Defendant for various violations of the California Labor Code.[1]

On May 1, 2015, Defendant removed the action to this Court pursuant to the Class Action Fairness Act ("CAFA"). On May 26, Plaintiff filed the current Motion to Strike Portions of Defendant's Answer. May 27, 2015, Plaintiff filed the current Motion to Remand. For the following reasons, the Court **GRANTS** Plaintiff's Motion to Remand, and **DENIES as moot** Plaintiff's Motion to Strike.

---

[1] These causes of action include claims for unpaid overtime, unpaid meal period premiums, unpaid rest period premiums, unpaid minimum wages, final wages not timely paid, wages not timely paid during employment, non-compliant wage statements, failure to keep requisite payroll records, unreimbursed business expenses, violation of California Business & Professions Code §§ 17200, *et seq*, and violation of California Labor Code Private Attorneys General Act of 2004, or "PAGA."

## II. JUDICIAL STANDARD

A defendant may remove a case from state court when the federal court would have had original jurisdiction. 28 U.S.C. § 1441(a). "If at any time before final judgment it appears that the district court lacks subject-matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see also ARCO Envtl. Remediation v. Dep't of Health & Envtl. Quality,* 213 F.3d 1108, 1113 (9th Cir. 2000) ("If a case is improperly removed, the federal court must remand the action because it has no subject-matter jurisdiction to decide the case.").

A defendant seeking to remove a case must file in the district court a notice of removal "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). In a CAFA case, "the proper burden of proof imposed upon a [removing] defendant to establish the amount in controversy is the preponderance of the evidence standard." *Rodriguez v. AT & T Mobility Servs., LLC.,* 728 F.3d 975, 977 (9th Cir. 2013). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold . . . [and] need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 549 (2014). However, if a plaintiff contests the allegations set forth in the notice of removal, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount in controversy requirement has been satisfied." *Id.* at 553.

## III. DISCUSSION

CAFA grants federal courts original jurisdiction over class action cases that meet the following requirements: (1) the proposed class contains more than 100 members; (2) minimal diversity exists between the parties; and (3) the amount in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d); *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013). Minimal diversity exists when any member of a plaintiff class is diverse from any defendant. 28 U.S.C. § 1332(d)(2)(c).

Defendant contends that the Court has subject matter jurisdiction over this case, as all three requirements have been met. The Court disagrees with respect to the amount in controversy.

### A. Size of Proposed Class

According to Plaintiff, Defendant improperly asserts, without documentation or a declaration, that there are 811 class members. However, in its Opposition, Defendant proffers the declaration of Scott Pechaitis, Esq. ("Pechaitis") who conducted data analysis for this case. Analyzing Defendant's records during the period from June 1, 2013 to February 15, 2015, Pechaitis identified approximately 811 putative class members. (Pechaitis Decl. ¶ 6.) Thus, the Court finds that Defendant sufficiently satisfied its burden of showing a putative class exceeding 100 members.

### B. Minimal Diversity of the Parties

The citizenship of an LLC for purposes of diversity jurisdiction is the citizenship of its members. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2000). If any member of a limited liability company ("LLC") is itself a partnership or association (or another LLC), the federal court needs to know the citizenship of each submember as well. *Id.*

Defendant has submitted a declaration from Robert A. Sweet ("Sweet"), Defendant's Chief Investment Officer and Vice President. In his declaration, Sweet confirms that Defendant is an LLC consisting of three members: (1) Kacy Kang, a citizen of North Carolina; (2) Kevin Carlin, a citizen of Washington; and (3) White Point Holdings, LP. (Sweet Decl. ¶ 3.) The citizenship of White Point Holdings, LP is determined by identifying the citizenship of its members. In his declaration, Sweet establishes that White Point Holdings, LP has three partners: (1) Charles E. Trefzger, a citizen of North

Carolina; (2) himself, a citizen of Maryland; and (3) Timothy P. O'Brien, a citizen of Maryland. (Sweet Decl. ¶ 3.) Therefore, for purposes of diversity jurisdiction, Defendant is a citizen of North Carolina, Washington and Maryland. As Plaintiff is a citizen of California, there is minimal diversity between the parties.[2]

### C. Amount in Controversy

In a CAFA case where a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds $5,000,000. *Rodriguez,* 728 F.3d at 977. If a defendant's assertion of the amount in controversy is challenged, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee Basin Operating Co., LLC*, 135 S. Ct. at 554 (citing 28 U.S.C. § 1446(c)(2)(B)). To satisfy the burden to demonstrate the amount in controversy, defendants may rely upon facts presented in the removal petition as well as any "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) "Under this system, CAFA's requirements are to be tested by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 (9th Cir. 2015). Nevertheless, a court "cannot base [a finding of] jurisdiction on [a] [d]efendant's speculation and conjecture." *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d. 994, 1002 (9th Cir. 2007).

The Court finds that Defendant failed to meet its burden of proving that the amount in controversy exceeds $5,000,000, as Defendant makes assumptions that are unsupported by the allegations in the Complaint or by the evidence. Defendant's calculations assume one hour of unpaid minimum wages per week, one hour of unpaid overtime wages per week, and either one or five missed meal and rest periods per week for each putative class member. Moreover, Defendant assumes that all members of the putative class suffered every violation, at all times without providing evidence to substantiate its theory. Courts have rejected this kind of assumption. *See Martinez v. Morgan Stanley & Co., Inc.*, No. 09-CV-2937-L(JMA), 2010 WL 3123175, at *6 (S.D. Cal. Aug. 9, 2010) (rejecting defendant's calculation of overtime hours, meal and rest period violations, waiting time penalties, and wage statement penalties because the variables were not clearly suggested by the complaint or supported by evidence); *Roth v. Comercia Bank*, 799 F. Supp. 2d 1107, 1118-1126 (C.D. Cal. 2010) (finding that defendants' calculations improperly presumed that there was a violation as to each class member even though the complaint contained "[s]tatements suggesting that overtime violations, missed meal periods, untimely payment of wages, and/or provision of inaccurate wage statements occurred regularly and/or consistently or even often") (internal quotations omitted).

As Defendant has not evidentiarily supported the variables used in its amount in controversy calculations, the Court finds its valuation is too speculative. *See Ibarra*, 775 F.3d at 1199 ("[A] damages

---

[2] The Court notes that the 4th Circuit determines the citizenship of an LLC for purposes of CAFA like a corporation, by assessing its place of incorporation and principal place of business. *See Ferrell v. Express Check Advance of S.C. LLC,* 591 F.3d 698, 705 (4th Cir. 2010). Some California district courts have similarly applied this method of analysis. *See Marroquin v. Wells Fargo, LLC*, No. 11-CV-163-L-BLM, 2011 WL 476540 (S.D. Cal. Feb 3, 2011) (holding that an LLC is considered an "unincorporated association" in a CAFA case). Sweet's declaration confirms that at all relevant times, Defendant's principal place of business and corporate headquarters were in North Carolina. (Sweet Decl. ¶ 4.) As stated above, Plaintiff is a citizen of California. Thus, even determining Defendant's citizenship using this method of analysis, there is minimal diversity between the parties.

assessment may require a chain of reasoning that includes assumptions . . . [but] those assumptions cannot be pulled from thin air [and] need some reasonable ground underlying them."). Defendant's improper speculations pervade all eleven claims. Consequently, the Court has no adequate basis to determine that the amount in controversy exceeds $5,000,000. Thus, Defendant has failed to satisfy its burden of proving that the amount in controversy requirement is satisfied and, as a result, has failed to establish that the Court has subject matter jurisdiction.

## IV.　CONCLUSION

In light of the foregoing, the Court **GRANTS** Plaintiff's Motion to Remand. Based on this ruling, the Court **DENIES as moot** Plaintiff's Motion to Strike.

**IT IS SO ORDERED**.

**：**

**Initials of Preparer**